IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Edward Sharkey,<br><br>Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>Respondents. | No. CV-14-8180-PCT-JJT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, U.S. DISTRICT JUDGE:

John Edward Sharkey filed a Petition for Writ of Habeas Corpus on September 19, 2014, challenging his convictions and sentences in Yavapai County Superior Court for charges stemming from a car accident. As explained below, the Court recommends that his Petition be denied and dismissed with prejudice.

**BACKGROUND**

Following his September 2013 indictment, Sharkey entered a plea of guilty in Yavapai County Superior Court to one count of aggravated assault, a class three felony; one count of possession and/or use of marijuana, a class six designated felony; and one count of driving while impaired to the slightest degree with a prior DUI offense within the past 84 months, a class one misdemeanor. (Doc. 8, Exs. A, D, E) His plea agreement lists the terms of possible imprisonment for a class three felony. (Doc. 8, Ex. D at 2) Sharkey, through counsel, filed character letters and other materials for sentencing, and the State also filed a pre-sentencing memorandum. (Doc. 8, Exs. F, G) On February 13,

1. 2014, Sharkey was sentenced to a mitigated sentence of two-and-one-half years in prison to be followed by a five year term of supervised intensive probation. (Doc. 8, Ex. H)

On June 5, 2014, Sharkey filed a Petition for Writ of Habeas Corpus in the Yavapai County Superior Court and argued that he was denied effective assistance of counsel because he was not represented during his arraignment and because he "was pressed by counsel to enter into a plea agreement with the expectation that a term of probation would result." (Doc. 8, Ex. I at 3-4) He also argued that his speedy trial rights were violated and that he had been "held in custody in the absence of [a] factual basis upon which [his] conviction may have been sustained, and is therefore entitled to discharge under A.R.S. § 13-4132." (Doc. 8, Ex. I at 4-5) The Superior Court treated this as a petition for relief under Arizona Rule of Criminal Procedure 32, concluded that it was untimely, and dismissed it. (Doc. 8 at Ex. J) The Court further noted that Sharkey was not eligible for relief even if his petition had been timely filed. (*Id*.)

On June 20, 2014, Sharkey filed a Petition for Writ of Habeas Corpus in the Arizona Supreme Court. (Doc. 8 at K) On September 2, 2014, the Arizona Supreme Court dismissed his Petition because he had "not stated a sufficient reason for failing to seek review by the Court of Appeals by way of petition for review or special action." (Doc. 8 at L)

On September 19, 2014, Sharkey filed a Petition for Writ of Habeas Corpus in this Court arguing he received ineffective assistance of counsel, his speedy trial rights were violated, he was being held in custody without a factual basis, and his due process rights had been violated by various court rulings. (Doc. 1) Respondents argue that his Petition is procedurally defaulted without excuse. (Doc. 8) The Court concludes that the claims are not properly before the Court and recommends that this Petition be denied and dismissed with prejudice.

**EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

<u>Exhaustion of Remedies.</u>  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28

U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

<u>Procedural Default.</u>  A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

**SHARKEY'S CLAIMS ARE BARRED**

Sharkey did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Sharkey needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Sharkey never filed anything in the Arizona Court of Appeals and, therefore, his claims are not exhausted.

In addition, Sharkey's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Sharkey has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review his claims.

**IT IS THEREFORE RECOMMENDED** that John Edward Sharkey's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure

timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 4th day of May, 2015.

David K. Duncan
United States Magistrate Judge